IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANNE LYNN MORGAN                                                    PLAINTIFF

                    v.                          Civil No. 13-2152

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                        DEFENDANT

**<u>MEMORANDUM OPINION</u>**

      Plaintiff, Dianne Morgan, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**     **<u>Procedural Background</u>:**

      Plaintiff protectively filed for DIB on February 2, 2011, alleging an onset date of January 31, 2011, due to shoulder and foot pain, fatigue from hepatitis, and problems breathing and talking.  Tr. 14, 123-136, 159, 181-182, 193, 199-200.  An administrative hearing was held on April 24, 2012.  Tr. 27-59.   Plaintiff was present and represented by counsel.

      At the time of third hearing, Plaintiff was 52 years old and possessed the equivalent of a high school education.  Tr. 20, 30, 160, 173.  She had past relevant work ("PRW") experience as a reorder clerk and shoe inspector.  Tr. 20, 33-37, 160, 166-180.

      On May 30, 2012, the ALJ found Plaintiff's hepatitis C, left shoulder tendonitis, asthma, and hypertension to be severe, but concluded they did not meet or medically equal one of the

listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 16-17.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform a light work except she could only occasionally work overhead bilaterally and must avoid pulmonary irritants such as dusts, gases, and fumes.  Tr. 17-19.  With the assistance of a vocational expert, the ALJ concluded Plaintiff perform work as a bakery quality control inspector, sausage inspector, gasket inspector, and small parts assembler II.  Tr. 20-21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 9, 2013.  Tr. 1-5.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 9, 11.

**II.** **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

2

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

3

III. **Discussion**:

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

Plaintiff raises the following errors on appeal: 1) The ALJ failed to properly develop the record; 2) The ALJ failed to consider evidence that fairly detracted from his findings; and 3) the ALJ failed to apply the proper legal standards.

A. **Duty to Develop the Record**:

Plaintiff contends that the ALJ's failure to obtain an RFC assessment from her treating doctor constituted a breach of his duty to develop the record. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure their decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).

Plaintiff alleges disability due to shoulder and foot pain, fatigue from hepatitis, and problems breathing and talking. The record contains medical records from Dr. Roxanne Marshall, Plaintiff's long time treating doctor, as well as a Mental Status Evaluation conducted by Dr. Don Ott at the request of the ALJ. Tr. 24-249, 260-266, 311, 322, 324, 340. And, although Dr. Marshall was not asked to complete an RFC assessment, the record contains substantial evidence to support the ALJ's determination in this case. It is clear that Plaintiff only

4

sought out treatment on four occasions during the relevant time period. She did not, however, complain of symptoms related to her left shoulder impairment, anxiety, or Hepatitis C. While she was treated for asthma on two occasions, it appears that her condition was responsive to the medications prescribed. *See Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling).

Although no symptoms were documented during the relevant time period, we note that the Plaintiff was also prescribed medication to treat her hypertension and alleged anxiety. They also appear to have been responsive to medication. *Id*.

**B.      Evidence that Fairly Detracts from the Findings:**

Plaintiff's next argument is essentially an argument that the ALJ erred in failing to deem her fatigue and headaches to be severe impairments. However, as noted previously, Plaintiff did not seek out treatment for these impairments during the relevant time period. And, had these impairments significantly limited her "physical or mental ability to do basic work activities," we believe the Plaintiff would have voiced complaints and sought out medication to treat these symptoms. *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006). Likewise, Plaintiff's contention that her alleged headaches and fatigue would necessitate unscheduled breaks or result in absences from work is without merit. Again, the record simply does not support Plaintiff's contention that these alleged impairments were severe.

We do note that the ALJ found Plaintiff's Hepatitis C to constitute a severe impairment, and fatigue and headaches are symptoms often associated with this impairment. Accordingly, we find that the ALJ's Step Two determination regarding her Hepatitis C included consideration of her alleged fatigue and headaches. And, this interpretation is further supported by the ALJ's

5

determination that Plaintiff could perform light, rather than medium level work, as opined by a non-examining, consultative physician.

Plaintiff also contends that the ALJ failed to consider her diagnosis of anxiety. While we do note that the ALJ did not find Plaintiff's anxiety to be severe, he did note Dr. Marshall's diagnosis of anxiety. The problem is the lack of evidence to establish functional limitations associated with this diagnosis. None of the medical records document any complaints of anxiety related symptoms. And, Plaintiff admitted to Dr. Ott that she had been prescribed Xanax for family and work related stress. Accordingly, it seems evident to the undersigned that Plaintiff's anxiety was both situational and amenable to treatment. As such, it was not severe.

### C.   **Failure to Apply the Proper Legal Standards:**

#### 1.   **Subjective Complaints:**

Plaintiff also argues that the ALJ erred in his credibility analysis. The ALJ was required to consider all the evidence relating to Plaintiff's subject complaints, including evidence presented by third parties that relates to: 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of his pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of his medication; and, 5) function restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). And, after reviewing the evidence in this case, we find substantial evidence to support the ALJ's credibility determination.

6

Prior to the relevant time period, Plaintiff was treated for severe pain in her left shoulder for which she was administered a joint injection. Tr. 240-249. She did not, however, complain of further problems after October 26, 2010.

On May 2, 2011, Plaintiff returned for medication refills, stating that she was doing well overall. Tr. 240, 324. Dr. Marshall noted that Plaintiff never underwent treatment for her Hepatitis C, in spite of Dr. Heath's recommendation that she undergo Interferon and Ribavirin. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility."). And, she refused blood work, stating that she did not have the money to pay for it. *Id*. However, we can find no evidence to indicate that she was ever denied treatment or testing due to her financial situation. The record is also devoid of evidence to show that Plaintiff attempted to obtain treatment from providers offering low cost or no cost treatment to uninsured or underinsured individuals. *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). And, in spite of Dr. Marshall's diagnoses of essential hypertension, panic attacks, and Hepatitis C, Plaintiff voiced no complaints regarding the symptoms of these impairments or the side effects of medications prescribed to treat them. *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly discounted when plaintiff did not complain to doctors that her medication made concentration difficult). It appears that Plaintiff was taking Enalapril (blood pressure), Xanax (anxiety), and Sennapromot (constipation).

On May 10, 2011, Plaintiff presented with complaints of sinus congestion, drainage, and wheezing. Tr. 323. An examination did reveal scattered wheezes in both lung fields, but no

AO72A
(Rev. 8/82)

other abnormalities.  Dr. Marshall diagnosed her with sinusitis, bronchitis, and reactive airway disease.  She prescribed Amoxicillin and a Proventil inhaler.

On May 11, 2011, Dr. Ronald Crow, a non-treating, non-examining source with Disability Determination Services completed a Physical RFC assessment and assigned Plaintiff a medium RFC.  Tr. 252-259.  This was done after looking at only Plaintiff's medical records.

On June 20, 2011, the ALJ referred Plaintiff to Dr. Don Ott, for the performance of a consultative mental evaluation.  Tr. 260-266.  Plaintiff indicated she felt bad all of the time, had chronic fatigue, and did not have much emotion.  She reported undergoing counseling for a few months during adolescence, however, no formal mental health treatment or hospitalizations were documented during her adulthood.  Plaintiff did state that her primary care physician had been prescribing Xanax for approximately four years for family and work stress.  And, she claimed to have very little capacity for stress and to be easily angered.

Dr. Ott found Plaintiff to be generally relaxed with appropriate eye contact and range of affect.  Similarly, her speech was not pressured, there was no evidence of loose associations, no evidence of a thought disorder, and no overt evidence of organic impairment.  He noted that the Plaintiff was overweight and reported suffering from fatigue.  However, he was unable to provide a diagnosis, stating her "presentation did not indicate a serious, diagnosable mental or emotional disorder.  Her limitations are primarily physical."  Tr. 264.  He then assessed her with a global assessment of functioning ("GAF") score of 70-80.  Dr. Ott also indicated that Plaintiff was involved in daily household chores, had regular social contact, had intact cognition, reported no major conflict with other people, resided with a male companion, and managed her own household finances.  Her capacity to cope with the mental demands of work was satisfactory, and

8

she had no specific limitations in the areas of concentration, persistence, or pace.  Further, Dr. Ott was of the opinion that Plaintiff could manage her own funds.

On July 8, 2011, Dr. Brad Williams completed a psychiatric review technique form.  Tr. 284-297.  He found no evidence of a determinable mental impairment.

On August 18, 2011, Plaintiff again sought treatment for a productive cough and wheezing.  Tr. 311.  She indicated that she had worked at a shoe plant for a long period of time, exposing her to various glues, chemicals and dust.  This reportedly made her existing asthma worse.  A physical exam was again negative, except for scattered wheezing in both lung fields.  And, no complaints were voiced concerning her shoulder, anxiety, or Hepatitis C.  Plaintiff told Dr. Marshall that she did use an Albuterol inhaler, but that this only provided marginal relief.  Dr. Marshall prescribed Flovent Diskus and Proventil.  She also ordered pulmonary function studies which revealed a moderately severe obstruction that significantly improved following the administration of medication.  Tr. 305, 312, 325-331.  Dr. Marshall diagnosed Plaintiff with exacerbation of asthma, essential hypertension, and panic attacks.

On April 4, 2012, Plaintiff returned to Dr. Marshall's office for medication refills.  Tr. 340.  She again refused blood work, and reported doing well.  Her physical exam remained unremarkable with clear lungs.  Dr. Marshall diagnosed her with asthma and essential hypertension, and gave her refills on all of her medications.  However, Plaintiff made no reports concerning her Hepatitis C symptoms, anxiety, or her left shoulder.  And, this is the last treatment record in evidence.

Accordingly, after reviewing this evidence, the undersigned finds that the ALJ's credibility analysis is supported by substantial evidence.  It is clear that the Plaintiff did not seek

9

out consistent treatment for her left shoulder, foot pain, anxiety, or Hepatitis C during the relevant time period. *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). It is equally clear that she was not consistently prescribed pain medication for any of her symptoms, she was not undergoing treatment for her Hepatitis C, and that she refused to undergo blood work as recommended by her doctor. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain). There is also no objective medical evidence, namely physical exams, x-rays, MRIs, or CT scans, to support Plaintiff's allegations. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). Further, her activities of daily living make clear that Plaintiff is capable of preparing simple meals, performing household chores, going outside daily, walking, driving a car, going out alone, shopping for groceries, paying bills, counting change, handling a savings account, using a checkbook/money orders, watching television, visiting with others, and playing cards. Tr. 183-190, 201-208. And, by her own admissions, Plaintiff has reported no problems getting along with others.

## 2.   **Physician's Opinion**:

Plaintiff contends that the ALJ improperly dismissed Dr. Marshall's diagnosis of anxiety based solely on Dr. Ott's consultative examination and determination that Plaintiff was not suffering from a diagnosable mental impairment. However, as previously noted, the evidence provides no support for a diagnosis of anxiety. *See Edwards*, 314 F.3d at 967 (noting that if a doctor's opinion is "inconsistent with or contrary to the medical evidence as a whole, the ALJ

10

can accord it less weight"). Plaintiff made no complaints whatsoever concerning anxiety attacks or symptoms during the relevant time period. And, a mere diagnosis alone is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

###    3.    **RFC**:

Next, Plaintiff contends that the ALJ erred in his RFC determination. Namely, she contends that he should have incorporated her persistent fatigue, ankle pain, foot pain, anxiety, pain in her arms and shoulders, inability to deal with work stress, and medication side effects into her RFC. However, as previously discussed, the objective medical evidence does not support Plaintiff's allegations. And, the record contains no indication that physical or mental limitations were ever imposed by Plaintiff's treating doctor. *See Baldwin v. Barnhart*, 349 F.3d 549, 557 (2003) (physicians noted few abnormalities, and none of Plaintiff's independent physicians restricted or limited the Plaintiff's activities). In fact, aside from wheezing on two occasions, Plaintiff's physical examinations were unremarkable.

While we do note that the only RFC contained in the file was completed by a consultative examiner and concluded that Plaintiff could perform medium level work, giving Plaintiff the benefit of the doubt, the ALJ determined Plaintiff could perform light work involving only occasional work overhead bilaterally (due to her shoulder impairment) and no exposure to pulmonary irritants such as dusts, gases, and fumes (due to her asthma). Accordingly, we find substantial evidence to support the ALJ's RFC assessment.

11

4.      **Failure to Satisfy Burden at Step 5**:

Lastly, Plaintiff contends that the vocational expert's testimony does not provide substantial evidence to support the ALJ's conclusion that Plaintiff could perform work that exists in significant numbers in the national economy because the hypothetical questions posed to the expert did not include all of Plaintiff's limitations.   It is true that "[t]estimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (quotation omitted).   Hypothetical questions should "set[] forth impairments supported by substantial evidence [on] the record and accepted as true," *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005) (quotation omitted), and "capture the 'concrete consequences' of those impairments." *Lacroix*, 465 F.3d at 889 (quoting *Roe v. Chater*, 92 F.3d 672, 676-77 (8th Cir. 1996)).   And, as previously discussed, the ALJ's RFC determination is upheld.   The hypothetical questions posed to the vocational expert included limitations arising from those impairments supported by substantial evidence.   Accordingly, Plaintiff's argument is without merit.

IV.   **Conclusion**:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

AO72A
(Rev. 8/82)

DATED this 27th day of August 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

13